## ELIAS HOWE & wife *vs.* JOSHUA BEMIS, Executor.

A testator made the following bequest: " I give to my daughter P. the amount of a certain note, which I hold against her husband; to be paid by my executor as soon as convenient after my decease; " and died without having collected the note. *Held*, that this was a bequest to the daughter of the note itself, and not of an equal amount of money.

ACTION OF CONTRACT, commenced on the 17th of February 1853, against the executor of Sylvester Bemis, to recover a legacy claimed by the plaintiffs under the following clause in the will of said Sylvester: " I give and bequeath to my beloved daughter, Polly Howe, the amount of a certain note which I hold against Elias Howe, husband of the said Polly; said note is dated April 10th 1830 ; to be paid by my said executor as soon as convenient after my decease."

At the trial in the court of common pleas, there was evidence that the plaintiffs had demanded payment of the amount of said legacy, in money, which the defendant refused; and that the

defendant, within a year after the death of the testator, tendered the note to the plaintiffs, as payment of the legacy. *Hoar*, J. ruled that the legacy must be construed to be of the note, or a discharge of the debt, and not of a sum of money for which an action could be maintained. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*C. R. Train & E. Ripley*, for the plaintiffs. This legacy was intended by the testator for the benefit of his daughter, and not as a gift of the note to her husband, or a mere cancellation of the debt. It is expressly given to the wife; it is a gift of the amount of the note, and not of the note itself; and the payment of the amount is mentioned. If the testator had intended a discharge or cancellation of the note, he would have so expressed himself. It is a gift of an amount of money equal to the amount of the note; and is not dependent upon the collection of the note; for the will directs the amount to be paid at the convenience of the executor, and not upon the collection of the note. Or at least, it is a demonstrative legacy, pointing to the fund from which payment is to be made; and should not fail by reason of the non-payment of the note; for the executor had the power to collect the note, before it was barred by the statute of limitations. *Innes* v. *Johnson*, 4 Ves. 568. *Ashburner* v. *Macguire*, 2 Bro. C. C. 108. *Attorney General* v. *Parkin*, Amb. 566. *Coleman* v. *Coleman*, 2 Ves. Jr. 639. *Roberts* v. *Pocock*, 4 Ves. 150. *Chaworth* v. *Beech*, 4 Ves. 555. *Clarke* v. *Bogardus*, 12 Wend. 67. *Williams* v. *Crary*, 4 Wend. 443. *Lewis* v. *Thompson*, 2 Rich. Eq. 75. *Cloud* v. *Clinkenbeard*, 8 B. Monr. 397. *Gallego* v. *Chevallie*, 2 Brock. 285. *Hayward* v. *Hayward*, 20 Pick. 517. *Gassett* v. *Grout*, 4 Met. 486. 2 Kent Com. (6th ed.) 134, 139, 142.

*A. H. Nelson & J. P. Converse*, for the defendant, were stopped by the court.

SHAW, C. J. It appears to us that the construction, which the plaintiffs attempt to put upon this legacy, is a forced and untenable one. We are to consider the relations in which the parties stood to each other, and then the terms of the will. A man is making his will, who has a daughter married, and holds

a note given by the husband of that daughter for money lent. The clause in the will was this: " I give to my beloved daughter, Polly Howe, the amount of a certain note which I hold against Elias Howe, husband of the said Polly; to be paid by my executor as soon as convenient after my decease." The most favorable construction of this clause for the daughter is, that if the note should remain unpaid at the time of his decease, the note itself should be delivered over to her; or, in case the note should in the mean time be collected, so that the amount would be held by the testator as part of his estate, then that he intended to bequeath to her that amount in money. Perhaps it might be held, by a strict construction, that a collection of the note in the lifetime of the testator would be an ademption of the legacy; a construction more unfavorable to the legatee. But, supposing it to be thus a gift of note or money, in the alternative, in the event which happened, the non-payment of the note in his life-time, it became exclusively a gift of the note.

It is argued that the bequest of the amount of a note was a bequest of a sum of money equal to that expressed in the note, and not of the money due on the note. We are of opinion that such is not the true construction, but that it must be construed as manifesting the intention of the testator to give the note, or its contents, proceeds or avails.

But it is argued that it was the intention of the testator to make a bequest beneficial to his daughter, not to her husband. That he intended a benefit to his daughter is very clear; but there is nothing to sustain the residue of the proposition. We think he intended a benefit to her and her husband, or to her separately, according to events. In case the testator should die, holding the note of the daughter's husband, due and collectable, a full discharge from a burdensome duty, by relieving him from payment, might be a great relief to his wife and family. But it is said that if it was the intention of the testator, in case the note should not be paid to him in his lifetime, to cancel and discharge the same, he would have done so in terms. We think not necessarily; whether the gift, as it was made, would operate as a discharge of the note, would depend on events

again.  If the husband should die before the father, the bequest would operate as a good specific legacy of the note to the wife, and if her husband's estate should be solvent, it would be a valid and beneficial gift to her, to her own use, of the full amount and value of the note.

In the events which did happen, the whole note remained unpaid; the husband survived the father; then the bequest became a specific bequest of the note, which, regarded either as a chattel or chose in action, vested in the husband.  The amount of the note was the principal of the note, with the interest constantly accruing.  It was an uncertain sum, but capable at any moment of being reduced to certainty, by computing the interest due.  Had the executor demanded payment of the note, and the husband paid it, it would have been money paid to his own use, supposing the estate of the testator solvent, and an action would immediately have been maintainable to recover it back.  To avoid circuity of action in such case, a surrender of the note by the executor was a satisfaction of the legacy; and the tender and refusal, in the present case, were equivalent to an actual surrender.

*Exceptions overruled.*